[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Paul Almeida appeals the decision of the defendant freedom of information commission ordering the disclosure of certain records of the Superintendent of Schools of the Town of Killingly pertaining to an incident involving the plaintiff and a student at the Killingly Intermediate School. The commission issued its order pursuant to the freedom of information act, General Statutes § 1-7 et seq. The plaintiff's appeal is authorized by § 4-183. The court finds the issues in favor of the defendants.
The essential facts and procedural history of the case are not in dispute and are fully reflected in the record. On February 6, 1991, the plaintiff was a teacher at the Killingly Intermediate School. On that date, he and a student at the school were involved in an altercation. The superintendent of schools and the principal of the Intermediate School ordered an investigation of the incident. That investigation essentially resulted in exonerating the plaintiff of any wrongdoing. On November 18, 1992, the complainant in this case, who is the mother of the student involved and a defendant in this appeal, requested the school to provide her with copies of its records of the investigation of the incident. The school refused.
The complainant filed a complaint with the commission on December 2, 1992. Following a hearing and an in camera examination of the records of the school's investigation of the incident, the commission ordered the CT Page 6394 school to provide the complainant the requested records, redacted to conceal the names of minor students who were reported as witnesses of the altercation.
In its decision, the commission found as a fact that the records were not personnel or similar files. It concluded, therefore, that they are not exempt under General Statutes § 1-19(b)(2). The commission further found that, even if the records could be construed to be personnel files, they were not exempt under the statute because there is nothing potentially embarrassing to the plaintiff in the records and he did not have a reasonable expectation of privacy in them.
The bases of the commission's finding that the records in question are not personnel or similar files were the nature of the content of the records and the manner in which the school maintained them. In its decision, the commission noted that the records consisted of the report of the investigator; a description of the classroom; the texts of certain public acts, school policy and faculty handbooks; statements of the plaintiff, the student involved, and other witnesses, including two other teachers; and some diagrams and charts. The record indicates, and the commission found that the records are kept in a locked box, separate from the personnel records of the school. The commission concluded that "the records at issue are internal investigation records and not personnel files or medical files and similar files within the meaning of § 1-19(b)(2)."
A basic principle of administrative law is that the scope of the court's review of an agency's decision is very limited. General Statutes § 4-183(f) provides that "(t)he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." "Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion."Conn. Light Power Co. v. Dept. of Public UtilityControl, 219 Conn. 51, 57-58 (1991). Furthermore, "[a]lthough the construction and interpretation of a CT Page 6395 statute is a question of law for the courts to decide. . .it is a well established practice of (the) court to accord great deference to the construction given (a) statute by the agency charged with its enforcement."Starr v. Commissioner of Environmental Protection,226 Conn. 358, 372 (1993). It is undisputed that the commission is responsible for enforcing the freedom of information statutes. This court is required, therefore, to accord great deference to the interpretation of those statutes and regulations given by the commission. This does not mean that the court must abdicate its adjudicative function in interpreting the law, but it does mean that where there are different but equally plausible interpretations of a statute, the court must give due deference to that followed by the administrative agency concerned. Starr v. Commissioner, supra 376.
In the present case, the commission made factual findings regarding the nature of the records in question, based on its examination of those records and the testimony of witnesses at the administrative hearing. The court has examined the records also and has also reviewed the transcript of the administrative hearing. The commission's description of the records in question is undeniably accurate.
The commission also considered the records in the context of the exemption provisions of General Statutes § 1-19(b)(2). It interpreted that statute as being not applicable to the records. Although an argument can be made that any official school records that pertain to an incident significantly involving a particular teacher are "personnel files or similar files" on that teacher, the commission, which is responsible for enforcing the exemption provisions of the statute, interprets them more narrowly. Such a perspective is entirely consistent with the general interpretation of the freedom of information act that our courts have followed. "[T]he general rule under the Freedom of Information Act is disclosure with the exceptions to this rule being narrowly construed." (Many citations in accord omitted.) Perkins v. Freedom ofInformation Commission, 228 Conn. 158, 167 (1993).
In summary, there was ample and substantial evidence in the record to support the factual findings made by the CT Page 6396 commission relating to the nature of the records in question. In light of that evidence, and granting the commission the deference its role requires in the interpretation of the statute, the court concludes that the commission's decision that the records are not exempt was reasonable and that there was no abuse of its discretion. The commission's decision must, therefore, be affirmed. General Statutes § 4-183(j).
The appeal is dismissed.
MALONEY, J.